UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RACHEL PIRRONE,** | Civil Action No. 3:14-cv-2833 (FLW) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **MIDDLESEX COUNTY JAIL, et al.** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Plaintiff Rachel Pirrone's ("Plaintiff") motion seeking leave to file an Amended Complaint [Docket Entry No. 30] to add as a defendant, Middlesex County Sheriff's Office ("Sheriff's Office").  Defendant, County of Middlesex (the "County"), opposes Plaintiff's motion. [Docket Entry No. 31].  The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiff's motion.  The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Plaintiff's motion is DENIED.

    **I.**    **Background and Procedural History**

On May 5, 2014, Plaintiff Rachel Pirrone filed a Complaint for damages arising out of alleged violations of 42 U.S.C. §1983, 8th Amendment violations, and claims of sexual battery and assault during the time of her incarceration at Middlesex County Jail ("County Jail"). (*See* Motion to Amend; Docket Entry No. 30). Plaintiff alleges that during her incarceration, she resided in the female unit of the County Jail and was given a job by Defendant, Correction Officer Wendi Pittius ("Pittius"), to serve as a Trustee in the Trustee Dorm.  Plaintiff alleges that Pittius offered this position to her in an attempt to compel plaintiff to submit to Pittius' sexual demands.  She further alleges that during her time at County Jail, Plaintiff was sexually abused

by Pittius well over thirty times.  Plaintiff claims that she has suffered and continues to suffer significant trauma.

On May 22, 2014, Plaintiff filed a First Amended Complaint. (*Id*. at 6). Plaintiff now, through this motion, seeks to add as a Defendant, the Middlesex County Sheriff's Office. (*Id.*).

## II.     ARGUMENTS

### A.  PLAINTIFF'S ARGUMENTS

Plaintiff alleges good cause exists to grant her motion. (*Id.* at 5).  Plaintiff states a party may amend its pleading only with the opposing party's written consent or the court's leave, but "leave shall be freely given when justice so requires." (*Id*. citing *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000)). Plaintiff further contends that none of grounds that could justify a denial of leave to amend, namely, (1) undue delay, (2) bad faith, (3) dilatory motive, (4) prejudice, and (5) futility. (*Id*.), exist in the present case.  Plaintiff argues that the State of New Jersey and the New Jersey Department of Corrections are responsible for the employees of each particular county jail.  Plaintiff relies on the plain language of, N.J.S.A. 30:8-17 which states in relevant part:

> "Except as otherwise in this chapter provided the sheriff of every county shall have the care, custody and control of the county jails or jails and all prisoners therein, and shall be responsible for the conduct of any keeper appointed by him."

Moreover, Plaintiff relies upon *MacNeil v. Klein*, 141 N.J. Super. 394, 403 (App. Div. 1976), which held that "the care, operation and management of county jails are by law the responsibility of county sheriffs."   Plaintiff asserts that Middlesex County Sheriff's Office should be a named defendant in the above-captioned matter because of its responsibility for the employees of each particular county jail.

### B. DEFENDANT'S ARGUMENTS

The County opposes Plaintiff's motion on the grounds of futility. (*See* Brief in Opposition; Docket Entry No. 31). The County notes that generally courts "treat a municipality and its police department as a single entity for purposes of section 1983 liability." *Bonenberger v. Plymouth Township*, 132 F.3d 20, 25 n.4 (3d Cir. 1997). The County relies on *Hernandez v. Borough of Palisades Park Police Department* to support its argument that "police departments cannot be sued alongside municipalities because a police department is merely an administrative arm of the municipality itself." 58 Fed. Appx. 909, 912 (3d Cir. 2003). The County also states, when a claim is made against a municipality and a police department pursuant to 42 U.S.C. §1983, the police department must be dismissed from the action, as "it is to the municipality that any liability must flow." *Millar v. Windsor Twp.*, 2005 U.S. Dist. LEXIS 17433, 8-9 (M.D. Pa. 2005). Finally, Defendant cites several cases to extend the above rationale to county sheriff's departments. *See R.M. v. Sainato,* 2012 U.S. Dist. LEXIS 65376, 8-9 (D.N.J. 2012); *Franks v. Cape May County*, 2010 U.S. Dist. LEXIS 93226, 19-20 (D.N.J. 2010); *Open Inns, Ltd. v. Chester County Sheriff's Dep't*, 24 F.Supp. 2d 410, 417, n.13 (E.D. Pa. 1998).

Based on the aforementioned case law, the County argues that the Middlesex County Sheriff's Department is not a legal entity possessing the legal capacity to be sued. Thus, the County contends that Plaintiff's motion to amend the Complaint to add the Middlesex County Sheriff's Department as a named defendant should be denied as futile.

### II. Analysis

#### A. Standard of Review

According to FED.R.CIV.P. 15(a), leave to amend the pleadings is generally granted liberally. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d

Cir. 2000). However, the Court may deny a motion to amend where there is "undue delay, bad faith . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. Nevertheless, where there is an absence of the above factors: undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be granted freely. *Long*, 393 F.3d at 400.

A motion to amend a complaint is properly denied where the proposed amendment is futile. *See Foman,* 371 U.S. at 182; *Alvin*, 227 F.3d at 121. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine whether an amendment is "insufficient on its face," the Court employs the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6) (*see Alvin*, 227 F.3d at 121) and examines only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). To determine if a complaint would survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2

(D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

### B.   Discussion

Through her motion, Plaintiff seeks permission to amend the Complaint to add the Middlesex County Sheriff's Department as a named defendant.  As a threshold matter, however, the Court, notes that Plaintiff's motion is not the product of bad faith, dilatory motive, undue delay, or undue prejudice.  As noted above, the County opposes Plaintiff's motion on futility grounds.

The County asserts that Plaintiff's motion is futile because the Middlesex County Sheriff's Department is not a legal entity possessing the legal capacity to be sued.  The Court agrees.  In New Jersey, a municipal police department is not an entity distinct from the municipality.  *N.J. Stat. Ann.* §40A:14-118.  The Third Circuit has held that courts "treat a municipality and its police department as a single entity for purposes of section 1983 liability.  *Bonenberger*, 132 F.3d at 25, n.4.  As such, the Third Circuit has ruled that police departments cannot be sued alongside municipalities "because a police department is merely an administrative arm of the municipality itself." *Hernandez*, 58 Fed. Appx. at 912.

When a claim is made against a municipality and a police department pursuant to 42 U.S.C. §1983, the police department must be dismissed from the action, as "it is to the municipality that any liability must flow." *Millar*, 2005 U.S. Dist. LEXIS 43688, at 8-9.  This rationale has also been applied to sheriff's departments.  *Franks v. Cape May County*, 2010 U.S. Dist. LEXIS 93226 (D.N.J. 2010).  In *Franks*, the plaintiff attempted to establish a §1983 claim against the Cape May County Sheriff's Department.  *Id.* at 12.  The court held that, similar to police departments, sheriff's departments cannot be sued as an administrative arm of a local

5

municipality. *Id.* at 20.  As such, the court ruled that the Cape May County Sheriff's Department was not a legal entity possessing the legal capacity to be sued. *Id.* at 20.  The Court agrees with *Franks*.

Here, Plaintiff attempts to add the Middlesex County Sheriff's Department as a named defendant.  Plaintiff's argument is based on the premise that because county sheriff's offices are responsible for the conduct of employees in correctional facilities, the Sheriff's Department is an appropriate defendant to be named in the Complaint.  Plaintiff cites to N.J.S.A. 30:8-17 to support its position, noting that under the statute, the sheriff of every county has the care, custody and control of the county jail.  However, Plaintiff fails to substantiate why the Middlesex County Sheriff's Department should be named as a defendant.  Although the sheriff's department may be responsible for the county jail, this alone is not enough to validate why the Middlesex County Sheriff's Department should be added to the complaint, nor does Plaintiff cite to any authority otherwise.  Indeed, Plaintiff has not overcome the analysis in *Franks*, which held that sheriff's departments do not have the legal capacity to be sued as an entity.  Accordingly, the Court shall not permit Plaintiff to add the Middlesex County Sheriff's Department as a named defendant.

### III. Conclusion

For the reasons stated above, Plaintiff's motion to amend the Complaint to add the Middlesex County Sheriff's Department as a named defendant is DENIED.  An appropriate Order follows.

Dated: April 10, 2015

                                              s/Tonianne J. Bongiovanni
                                              **HONORABLE TONIANNE J. BONGIOVANNI**
                                              **UNITED STATES MAGISTRATE JUDGE**